GULOTTA, Judge
(dissenting).
I respectfully dissent. While the trial judge stated he maintained the Motion for Summary Judgment, he appeared to have reached his decision based*on the'merits of the case.
I concur with the majority that the effect of a remand is to only prolong the litigation. Remanding this matter to the trial court under the circumstances, I believe, will result only in the trial judge rewording his judgment and another appeal taken to this court in which the parties will reiterate the arguments advanced in this appeal. I am of the opinion that we can properly consider the merits of the matter in this appeal before us at this time under the authority vested in the courts of appeal as enunciated in LSA-C.C.P. art. 2164.[1]
However, I disagree with the result reached by the majority. Separating the important from the unimportant, the question before us is whether a “lockout” is a “labor dispute” as contemplated and defined under LSA-R.S. 23:821(3) in which the employee is participating or in which he has an interest which would deprive him of unemployment benefits under LSA-R.S. 23:1601(4). I think not.
Labor dispute is defined under LSA-R.S. 23:821(3) as follows:
“(3) The term ‘labor dispute’ includes any controversy concerning terms or *536 conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the proximate relation of employer and employee.”
A person participating or interested in a labor dispute also is defined in LSA-R.S. 23:821(2).
“(2) A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him and if he is engaged in the industry, trade, craft, or occupation in which such dispute occurs, or is a member, officer, or agent of any association of employers or employees engaged in such industry, trade, craft, or occupation.”
The words “lockout” and “strike” are not included in the definition of a labor dispute and properly so. A lockout or strike results from a dispute. LSA-R.S. 23:1601(4) disqualifies an employee from benefits if his unemployment is due to a labor dispute in which he is participating or is interested. This Section relates to those actions of the employee which disqualifies him. LSA-R.S. 23 :1601(1), 2, and (3) sets forth that an employee may be disqualified if the administrator finds the employee has left his employment without cause; or has been guilty of misconduct; or has failed to apply for available, suitable work. Considered in this connection, Section (4) of LSA-R.S. 23:1601 can only refer to the voluntary actions of an employee which caused his unemployment, i.e., a strike. In the instant case, the lockout by the employer caused the unemployment of the employee. Every labor dispute in which an employee is participating or is interested should not disqualify one from benefits unless the unemployment is voluntarily caused by the employee.
I am of the opinion the Board of Review properly approached the question and reached a proper result. While the Board of Review did not so state, the effect of their opinion is that an employee is not disqualified from receiving unemployment benefits when the unemployment results from a “lockout.” The significant part of that opinion reads as follows:
“The Board of Review has carefully read all of the information presented before and at the hearing, and we fail to find where the claimant was active in a strike. The claimant was advised by his supervisor that work was not available for members of the Oil, Chemical and Atomic Workers International Union. We find that the employees reported to work each day, was locked out and no work was available.
“The Unemployment Compensation Act is not intended to encourage idleness or labor disputes nor to force an employer to contribute benefits to help finance his employees’ disputes with him. Only an employee prevented from working through no act of his own should be en titled to unemployment benefits.
“It is, therefore, concluded by the Board of Review that the claimant was separated from employment under nondisquali-fying circumstances, through no fault of his own.”
The trial judge agreed and I concur with the result. I am of the opinion, therefore, that in the instant case the employee cannot be disqualified from receiving unemployment benefits under this Section. A different result is contrary to the public policy of this state as enunicated in LSA-R.S. 23:1471.
“This Chapter may be cited as the ‘Louisiana Employment Security Law’.
“As a guide to the interpretation and application of this Chapter, the public policy of this state is declared to be as follows : Economic insecurity due to unemployment is a serious menace to the *537 health, morals and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The Legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this state require the enactment of this measure, for the compulsory setting aside of unemployment reserves to be used for the benefit of unemployed persons.”
Accordingly, I respectfully dissent. The result reached by the trial-judge is correct.

. LSA-C.C.P. art. 2164 reads as follows :
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”